It is, however, pointed out by counsel for the Government in the brief filed in its behalf that the imported articles were actually used in the production of ball point fountain pens, and that, since nothing had been done with the synthetic sapphire balls after importation except to insert them into the sockets at the tips of the pens, they must have been parts of ball point fountain pens in their imported condition.

There is no question but that this argument would have great weight if it were not further disclosed by the record that it was necessary to remove not only some, but *every* imported synthetic sapphire ball which had been inserted in the pens. This total failure of the imported articles to function as part of ball point pens demonstrates that they were not merely poor or low-grade ball points, but that they were not, in their nature, articles which had the character and condition of ball points.

Judgment will therefore issue sustaining the protest claim for duty at the rate of 30 per centum ad valorem under paragraph 214 accordingly.

**No. 57342.**—Art & Sign Brush Mfg. Corp. *v.* United States, protest 182535–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of hair pencils similar in all material respects to those the subject of *Solo Horton Brush Co. (Inc.)* v. *United States* (63 Treas. Dec. 143, T. D. 46123), the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, MAY 20, 1953

**No. 57343.**—Metal Traders, Inc. *v.* United States, protest 181294–K (New York).

Opinion by LAWRENCE, J. It was stipulated that the merchandise consists of scrap lead of which metal is the component material of chief value, and which is secondhand and fit only to be remanufactured. Upon the agreed statement of facts, it was held that the merchandise comes within the provisions of Public Law 869, as amended by Public Law 66, *supra,* and is properly entitled to free entry.

BEFORE THE THIRD DIVISION, MAY 20, 1953

**No. 57344.**—Morganite, Inc. *v.* United States, protests 169219–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of articles of carbon similar in all material respects to those the subject of *Morganite, Inc.* v. *United States* (29 Cust. Ct. 76, C. D. 1448), the claim of the plaintiff was sustained.

**No. 57345.**—Morganite, Inc. *v.* United States, protests 191248–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of articles of carbon similar in all material respects to those the subject of *Morganite, Inc.* v. *United States* (29 Cust. Ct. 76, C. D. 1448), the claim of the plaintiff was sustained.

**No. 57346.**—Famous Merchandise Co., Inc. *v.* United States, protest 198191–K (New York).

Opinion by JOHNSON, J. From an examination of the papers in the case the court was unable to find anything to overcome the presumption of correctness of the collector's classification. The protest was therefore overruled.

**No. 57347.**—The Norport Company, Inc. *v.* United States, protest 198634–K (New York).

Opinion by JOHNSON, J. From an examination of the papers in the case the court was unable to find anything to overcome the presumption of correctness of the collector's classification. The protest was therefore overruled.

**No. 57348.**—E. M. Grajew Wool Company, Inc. *v.* United States, protest 198670–K (New York).

Opinion by JOHNSON, J. From an examination of the papers in the case the court was unable to find anything to overcome the presumption of correctness of the collector's classification. The protest was therefore overruled.

**No. 57349.**—Mitteldorfer Straus, Inc. *v.* United States, protest 198710–K (New York).

Opinion by JOHNSON, J. From an examination of the papers in the case the court was unable to find anything to overcome the presumption of correctness of the collector's classification. The protest was therefore overruled.